Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed
and Memorandum Opinion filed March 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00324-CR

____________

 

REGINALD WAYNE a/k/a REGINALD WAYNE JACKSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 178th District Court

Harris
County, Texas

Trial
Court Cause No. 864,984

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Reginald Wayne Jackson, plead guilty to possession of at least four hundred
grams of cocaine with intent to deliver same. 
In accordance with appellant=s plea bargain, the trial court assessed his punishment at 15
years=
imprisonment.  In his sole point of
error, appellant contends the trial court erred in denying his motion to
suppress.  We affirm.  








On
January 3, 2001, Houston Police Officers Carlos Lerma
and Scott Fuller conducted surveillance on an alleged narcotics house.  During their observations, appellant and
another man drove up in a car and entered the back door of the house.  Minutes later, appellant and the man exited
the house and headed toward the car. 
Appellant then knelt down and started Adigging@ in the area of the passenger floorboard.  He then pulled out a piece of plywood from
the floorboard and took several white circular chunks in a plastic bag, which
police believed to be cocaine, and placed them inside the floorboard.  Appellant replaced the plywood and put his
jacket in the trunk.

Appellant
and the man drove off in a northbound direction.  As the officers followed the men, appellant
made two turns without first making a proper turn signal.  The officers then called for a nearby marked
police car to pull the men over.  After
pulling them over, Officer Lerma and Officer Fuller
approached the vehicle, which had a strong odor of cocaine coming from the
floorboard.  Officer Fuller pulled back
the floor mat and found over four hundred grams of what police later identified
as cocaine.  

A
grand jury indicted appellant with intentionally and knowingly possessing, with
intent to deliver, at least four hundred grams of a controlled substance.  Appellant filed a motion to suppress evidence
seized by police at his arrest, which the trial court denied and from which
this appeal ensued.  

Appellant
concedes the officers had reasonable suspicion to stop him but not probable
cause to search the vehicle.  The State
argues, however, that appellant has no standing to complain of the search
because he failed to put on any evidence that he had a protected privacy
interest in the vehicle.  








When
a defendant puts the legality of a search at issue, he bears the burden of
proving that his own privacy rights were violated.  Flores v. State, 871
S.W.2d 714, 719 (Tex. Crim. App. 1993). 
This burden is met by showing (a) his conduct exhibited an actual,
subjective expectation of privacy and (b) his actual expectation of privacy is
recognized by society as objectively reasonable.  Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
If no evidence shows the accused had an objectively reasonable
expectation of privacy in the car or any interest or right to use the car, he
does not have standing to contest the search of the car.  Flores, 871 S.W.2d at 720.  

Appellant
failed to present any evidence showing that he had any interest in or right to
use the car.  Because appellant failed to
affirmatively show he had a legitimate expectation of privacy in the vehicle,
appellant does not have standing to contest the search and seizure.  See Id.  Accordingly, appellant=s
issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed March 6, 2003.

Panel consists of Justices Hudson, Frost,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).